UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN HARPER,

Petitioner,

v.

MAGGIE MILLER-STOUT,

Respondent.

Case No. C05-5423FDB

REPORT AND RECOMMENDATION

**NOTED FOR: December 16th, 2005**

This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner challenges his Thurston County convictions for two counts of first-degree child molestation. (Dkt. # 20, Exhibit 1). Petitioner is serving a 78 month sentence. Petitioner was convicted by jury trial. (Dkt. # 20, Exhibit 1). After review of the entire record the court concludes that the five issues concerning ineffective assistance of counsel are without merit and the remaining two issues are unexhausted and procedurally barred. Accordingly the petition should be

**DISMISSED WITH PREJUDICE.**

FACTS

The state court of appeals summarized the facts as follows:

> The State charged Harper with three counts of child molestation, involving the three daughters of his girlfriend, C.J., K.J., and S.J. The first evidence of the crimes was provided by K.J.. She disclosed the abuse to her father while she and S.J. were visiting him in California. The father contacted the local children's protective agency, who notified Washington authorities. Lisa La Rue, a social worker for the Department of Social and Health Services, and Thurston County Detective Keith Mercer began an investigation. They first met with C.J. and her mother, LaDonna Avery. At that meeting, C.J. denied that she had been abused, but on the way home, she told her mother that Harper had had sexual contact with her. She made the same disclosures to La Rue at a second meeting. The two other children also subsequently told the investigators about abuse.
>
> At trial, C.J., born September 27, 1989, testified that Harper had touched her vagina and breasts, and that she had also seen him touch K.J.. She said Harper touched her under her clothing, using a rubbing motion, and he made her touch his "private." Report of Proceedings at 159. The touching happened more than 10 times, when her mother was at work.
>
> C.J. also disclosed the touching to Nancy Young, the nurse practitioner at Providence St. Peter Hospital Sexual Assault Clinic. Young testified that C.J. told her Harper had rubbed her "all over the place," and made her touch is penis. Report of Proceedings at 274. She drew a picture of Harper's penis, and also described "white stuff coming out of the end." Report of Proceedings at 276.
>
> K.J., born March 26, 1991, testified that Harper touched her more than one time on her privates, and moved his arm "up and down." Report of Proceedings at 87. Nancy Young testified that K.J. told her that Harper had touched her on her "pee part" under her clothes. Report of Proceedings at 262. S.J., born January 5, 1994, testified that Harper had touched her on one occasion, on the outside of her clothing. The medical examinations of the children were inconclusive.
>
> Harper denied touching any of the children. He asserted that he had suspected for some time that C.J. was being abused by her biological father because of her sexual acting out. The jury found him guilty of the molestation of K.J. and C.J., but acquitted him of the charge involving S.J.

(Dkt. # 20, Exhibit 4).

PROCEDURAL HISTORY

Petitioner appealed his convictions and through counsel raised the one issue:

1. Was there sufficient evidence in the record from which a rational trier of fact, viewing the evidence in the light most favorable to the State, could have found all of the essential elements of the crimes of Child Molestation in the First Degree beyond a reasonable doubt?

(Dkt. # 20, Exhibit 2, at 1). Petitioner also filed a pro se brief and raised the following issues:

1. a) Whether the evidence was sufficient beyond a reasonable doubt to enable the jury to agree upon one touching incident to find the element of sexual gratification, when the State, in closing rebuttal, inferred that even an accidental touching would satisfy this element?

   b) Whether the evidence was sufficient beyond a reasonable doubt to enable a rational jury to convict defendant of 1st degree child molestation-when the evidence was based solely on inconsistent and contradictory testimony with the ER 803 (a) (4) testimony made without indicia of reliability?

2. Whether [KJ] factually sparse testimony, in part, corroborated by ER 803 (a) (4) testimony that contained no indicia of reliability, is sufficient beyond a reasonable doubt to enable a rational jury to convict defendant of 1st degree child molestation?

3. Whether the State committed misconduct in closing, by arguing evidence not introduced during trial, misquoting and/or mischaracterizing the law and jury instruction, attesting to or vouching for credibility and evidence, and repeatedly emphasizing the defendant was guilty- to thereby deny him his due process rights to a fair trial?

(Dkt. # 20, Exhibit 3, pages 1 and 2). The state court of appeals affirmed the conviction. (Dkt. # 20, Exhibit, 4). Petitioner filed a motion to modify the ruling which was denied. (Dkt. # 20, Exhibits 5 and 6). A petition for discretionary review was filed with the state supreme court. Petitioner raised the following grounds:

1. COMMISSIONER SKERLEC ERRED IN ALLOWING NURSE YOUNG'S ER 803 (a) (4) HEARSAY TESTIMONY PERTAINING TO C.J. AND K.J.—WITHOUT INDICA OF RELIABILITY.

2. COMMISSIONER SKERLEC ERRED IN FINDING SUFFICIENT EVIDENCE TO UPHOLD THE CONVICTION OF THE PETITIONER ON CHILD MOLESTATION—IN THE FIRST DEGREE FOR BOTH C.J. AND K.J.

3. HARMLESS ERROR- IT WAS NOT HARMLESS ERROR TO ALLOW THE 803 (a) (4), WITHOUT A PROPER FOUNDATION.

(Dkt. # 20, Exhibit 7, at VII). On December 2nd, 2003, the state supreme court denied review without comment. (Dkt. # 20, Exhibit 8).

While direct review was pending petitioner filed a personal restraint petition. (Dkt. # 20, Exhibit 10). Petitioner raised the following issues for review:

1. The defendant should be given a new trial or released from confinement

because he was denied effective assistance of counsel – Failure to conduct a pre-trial investigation – Failure to call defense witness.

2. The defendant should be given a new trial or released from confinement because he was denied effective assistance of counsel – Failure to conduct a pretrial investigation.

3. The defendant should be given a new trial or released from confinement because he was denied effective assistance of counsel – Failure to conduct a pretrial investigation – Failure to introduce evidence.
Mr Steel failed to preform a proper investigation into the arrest record of the states witness LaDonna Avery.

4. The defendant should be given a new trial or released from confinement because he was denied effective assistance of counsel – Failure to conduct a pretrial investigation – Exclusion of testimony.
Mr. Steel failed to call two witnesses for the defense who were subpoenaed and prepared to testify. When the defendant asked Mr. Steel why he did not want to call Danielle Refner and Michelle Faulkner, Mr. Steel said that they were not needed because they would have just been repetitive of Melody Lyons testimony. Mr. Steel also stated again that he was going to depend on the states lack of evidence.

5. The defendant should be given a new trial or released from confinement because he was denied effective assistance of counsel – Failure to object to hearsay without the required indica of reliability.
Mr. Steel failed to conduct a pre-trial investigation into the highly suspected suggestive questioning techniques of states witnesses Lisa La Rue and Nurse Young.

6. The defendant should be given a new trial because he was denied effective assistance of counsel – Failure to recommend alternative sentencing program, specialized sexual offender sentencing alternative, (SSOSA).

(Dkt. # 20, Exhibit 10). The state court of appeals denied the petition. (Dkt. # 20, Exhibit 11). Petitioner filed for discretionary review with the state supreme court. (Dkt. # 20, Exhibit 12). In that motion he raised the following issues:

1. Denied effective assistance of counsel- failure to conduct a pretrial investigation- failure to call defense witness.

2. Denied effective assistance of counsel- failure to conduct a pretrial investigation plea agreement.

3. Denied effective assistance of counsel- failure to conduct a pretrial investigation failure to introduce evidence of LaDonna Avery's criminal history.

4. Denied effective assistance of counsel- failure to conduct a pretrial investigation failure to call witnesses Refner and Faulkner.

5. Denied effective assistance of counsel- failure to conduct a pretrial investigation failure to object to introduction of hearsay without indicia of reliability.

6. Denied effective assistance of counsel- failure to recommend an alternative sentencing, (SSOSA).

(Dkt. # 20, Exhibit 12). The state supreme court denied review on November 17th, 2004. The petition now before the court followed and petitioner raises the following issues for review:

1. Ineffective assistance of counsel-Failure to conduct a pre-trial investigation-Failure to investigate a primary witness's criminal background.

2. Ineffective assistance of counsel-Failure to conduct a pre-trial investigation-Failure to call officer Kenderesi.

3. Ineffective assistance of counsel-Failure to conduct a pre-trial investigation-Failure to interview two witnesses.

4. Ineffective assistance of counsel - Failure to conduct a pre-trial investigation-Failure to object to hearsay.

5. Ineffective assistance of counsel - Failure to recommend alternative sentencing (SSOSA).

6. ER 803(a)(4) Hearsay should not have been allowed with no indicia of reliability.

7. Lack of sufficient evidence- All of the essential elements of the crimes not met-Inconsistent testimony.

(Dkt. # 5, pages 7-12). Respondent contends petitioner has failed to exhaust issues 6 and 7. Respondent concedes the other issues are exhausted but, contends the issues are without merit. (Dkt. # 19, pages 5-6).

EVIDENTIARY HEARING NOT REQUIRED

In its' Order Directing Service and Response, the court directed respondent to state in her response whether or not an evidentiary hearing was necessary. Accordingly, respondent has informed the court that she does not think an evidentiary hearing is required. The function of an evidentiary hearing is to try issues of fact, such a hearing is unnecessary when only issues of law are raised. *See e.g.* Yeaman v. United States, 326 F.2d 293 (9th Cir. 1963). After careful review of the record, the undersigned judge concludes that there are no relevant factual disputes to resolve in order for the Court to render its decision in this case. Accordingly, an evidentiary hearing was not

conducted.

STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

DISCUSSION

A. Exhaustion of claims Six and Seven.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8

(1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, (1995), *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Petitioner presented his claims regarding admission of hearsay and sufficiency of the evidence as state law claims on direct appeal and did not fully address the same claims he now attempts to raise in his collateral challenge. (Dkt. # 20, Exhibit 2 issues 1 a and b and issue 2, Exhibit 5 issues 1 through 3, Exhibit 10, issue 5, and Exhibit 12, issue 5).

These claims were not presented as federal claims in the state court and respondent is correct in her assertion that these two claims are not exhausted. Normally, a federal court faced with an unexhausted petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Here, however, petitioner is barred from filing in state court as any attempt to file another petition will be deemed successive and time barred. See, RCW 10.73.090 and 10.73.140.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice" or petitioner demonstrates cause and prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner here cannot show cause and prejudice in state court.

To show cause in federal court, petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Here, petitioner has filed multiple challenges without properly exhausting the issues or raising the issues as federal claims. Petitioner cannot show cause that excuses his procedural default in state court. Issues six and seven are procedurally barred.

B. The criminal background of LaDonna Avery.

Petitioner claims counsel was ineffective in not fully investigating Ms. Avery's criminal background and then using that background to impeach her credibility. (Dkt. # 5). The state supreme court considered this argument and held:

> Mr. Harper also contends that counsel ineffectively failed to investigate a

> primary witness's criminal background for impeachment purposes. But he identifies no past crimes, other than those revealed at trial, that would have been admissible for that purpose.

(Dkt. # 20, Exhibit 13, page 2).

In order to establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficient performance affected the result of the proceeding. Strickland v. Washington, 466 U.S. 668, 686 (1984).

Under the first prong of the Strickland test, the question is whether counsel's assistance was reasonable under the totality of the circumstances, viewed as of the time of counsel's conduct. Strickland, 466 U.S. at 690. To succeed under the first prong, the petitioner must show the attorney's conduct reflects a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney. United States v. Vincent, 758 F.2d 379, 381 (9th Cir.), cert. denied, 474 U.S. 838 (1985).

Under the second prong, the petitioner must demonstrate prejudice, that but for counsel's unprofessional errors, the result would have been different. Strickland, 566 U.S. at 694. however, sheer outcome determination is not sufficient to make out a Sixth Amendment violation; a proper prejudice inquiry focuses on whether counsel's errors or omissions rendered the proceeding fundamentally unfair or the result unreliable. Lockhart v. Fretwell, 506 U.S. 364 (1993).

Petitioner's claim fails on either prong. Petitioner fails to identify any prior criminal conviction other than the one discussed at trial on direct examination. (Dkt. # 20, Exhibit 15, Transcript, Direct examination of LaDonna Avery, pages 186 to 206). Further, petitioner fails to show that inclusion of other prior convictions would have had any affect on the proceedings. Counsel cross examined Ms. Avery and forced disclosure of drug usage, drug treatment, and that she had signed over custody of her children to a relative while she was in treatment. (Dkt. # 20, Exhibit 15, pages 206 to 221). Counsels' performance was not deficient and the state court findings are not an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor does the state court holding result in a decision that is based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Petitioners' claim is without merit.

C. Ineffective assistance of counsel, failure to call officer Kenderesi.

Plaintiff claims the credibility of the victims should have been attacked because the children has once complained plaintiff was in violation of a no contact order. Officer Kenderesi investigated the children's allegations but found conflicting evidence. The state court of appeals considered this claim and held:

> Harper asserts that his trial counsel's performance was deficient because he failed to interview a witness, Lacey police officer John Keneresi [sic], who could have supplied exculpatory evidence of prior false allegations by the victims. As our evaluation of the claim depends on what this third party would have told Harper's trial counsel and Harper fails to attach any affidavits or declaration from this individual, we reject this claim. *See* RAP 16.7 (a)(2)(I): *Rice,* 118 Wn. 2d at 886.

(Dkt. # 20, Exhibit 11, page 2). The state supreme court held:

> Mr. Harper argues that the Acting Chief Judge erred in saying that he failed to provide evidence supporting his first claimed instance of ineffective assistance. Mr. Harper argue evidence that they falsely reported a protection order violation. He also urges that the same evidence -consisting of the testimony of a police officer- would have shown that one of the victims lied in testifying that she had not seen Mr. Harper since a certain date. The Acting Chief noted that Mr. Harper failed to present any evidence supporting this claim. Mr. Harper points out that he attached a police report to his reply to the State's response to the petition.
>
> But Mr. Harper still must show that counsel's conduct was unreasonable and that he was probably prejudiced by counsel's deficiencies. *State v. McFarland*, 127 Wn.2d 322, 334-35. 899 P.2d 1251 (1995). The fact that police were unable to substantiate the victims' report does not mean they lied, nor did one of the victims necessarily falsely testify because she did not recall the contact that had led to the report. Counsel was not ineffective in declining to pursue this collateral matter, nor, in any event does Mr. Harper demonstrate prejudice.

(Dkt. # 20, Exhibit 13, pages 1 and 2). Petitioner has not shown these holdings to be an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor do the state court holdings result in a decision that is based on an unreasonable determination of the facts in light of the evidence presented to the state courts. In addition, by his own admission, the trial strategy in this case was lack of evidence. (Dkt. # 20, Exhibit 10 attached exhibit "C", Letter to officer Kendcrest [sic]). Given this trial strategy officer Kenderesi's testimony was not needed and the decision not to call him was trial strategy. Petitioner had failed to show counsel was ineffective.

D. Ineffective assistance of counsel, failure to interview Refner and Faulkner.

The state supreme court acting chief judge considered this claim and held:

> Harper claims deficient performance by his counsel for not utilizing two witnesses, Danielle Refner and Michelle Faulkner. He states their testimony would show he attempted to take one of the victims to a counselor, which would discount the allegation that he is a child molester. Harper asserts his counsel told him the testimony of these witnesses would be repetitive [of Melody Lyons testimony]. As stated previously, evaluation of this claim depends on what these third parties would have told Harper's trial counsel and Harper fails to attach any affidavits or declarations from these individuals. Thus, we reject this claim. Additionally, defense counsel's decision not to call Refner and Faulkner may well have been a strategic decision that does not support a claim of ineffective assistance. *See*, *State v. Day* 51 Wn. App. 544, 553, *review denied*, 111 Wn.2d 1016 (1988).

(Dkt. # 20, Exhibit 11, page 3). Counsels' performance was not deficient and the state court findings are not an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor does the state court holding result in a decision that is based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Petitioners' claim is without merit.

E. Ineffective assistance of counsel, failure to object to hearsay.

Petitioner objects to nurse Young testifying as to statements made by the victims. He alleges counsel was ineffective in not objecting to the testimony. The record reflects that counsel brought a motion to exclude this very testimony and the trial court ruled the testimony admissible under the state's medical exception to the states hearsay rule.

The application of the states own rules of evidence and a ruling on whether evidence meets a hearsay exception is a matter of state law for the state court to consider. There is nothing in the record to show that the state court of appeals considered this issue an anything other than a state law claim. (Dkt. # 20, Exhibit 4, page 5).

The state supreme court reviewed this issue in the context of a federal ineffective assistance of counsel claim and noted counsel did object to the testimony and that failure to again raise the issue was not ineffective assistance of counsel. (Dkt. # 20, Exhibit 11, page 4, Exhibit 13 page 2). The state supreme court also noted that a decision to object or not object is typically a tactical decision that does not support a claim of deficient performance. (Dkt. # 20, Exhibit 11, page 4).

Petitioner has failed to show counsel's performance fell below an objectively acceptable level.

Counsel attempted to exclude the testimony and the motion failed. Counsel did not need to again raise the issue. (Dkt. # 20, Exhibit 15 Transcript 266 to 270). Counsels' performance was not deficient and the state court findings are not an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor does the state court holding result in a decision that is based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Petitioners' claim is without merit.

F. Failure to recommend alternative sentencing.

Petitioner argues counsel was deficient for not recommending an alternative sentence under the state's specialized sexual offender sentencing alternative, (SSOSA). The state court of appeals considered this issue and found that the pre sentence investigation found petitioner eligible for SSOSA but did not recommend one because Mr. Harper denied guilt. (Dkt. # 20, Exhibit 10, page 4). The court noted that counsel had submitted an affidavit indicating he discussed SSOSA with his client. (Dkt. # 20, Exhibit 10, page 4). The state court of appeals held petitioners claim was based on speculation and not admissible evidence.

The state supreme court considered the issue and held that counsel advised Mr. Harper that because petitioner denied committing the crime, even after conviction, it would not unlikely he would receive a SSOSA. Petitioner had failed to show that counsel's performance was ineffective. (Dkt. # 20, Exhibit 13, pages 2 and 3).

This court agrees with the state court. Counsels' performance was not deficient and the state court findings are not an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor does the state court holding result in a decision that is based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Petitioners' claim is without merit.

## CONCLUSION

Having reviewed the petition the court concludes that petitioner is not entitled to relief for the reasons stated above. The court recommends this petition be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 16th, 2005**, as noted in the caption.

Dated this 30th day of November, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge